# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

RAC DEVELOPMENT, INC., )
                  Plaintiff, )
          v. )
JOSEPH RUPERT, *et al.*, )
            Defendants. )
_____ )

Case No. SA CV 15-1933 JLS (JCGx)

**ORDER SUMMARILY REMANDING
IMPROPERLY REMOVED ACTION**

      The Court will summarily remand this unlawful detainer action to state court because Defendant removed it improperly.

      On November 19, 2015, Rupert Joseph ("Defendant"), having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice of Removal of that action in this Court ("Notice") and also presented a request to proceed *in forma pauperis* ("Request"). [Dkt. Nos. 1, 4.] The Court has denied Defendant's Request under separate cover because the action was improperly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

//

Simply stated, Plaintiff could not have brought this action in federal court in the first place, and so removal is improper.  Notably, even if complete diversity of citizenship exists, Defendant cannot properly remove the action because Defendant resides in the forum state.  (*See* Notice at 1); *see also* 28 U.S.C. § 1441(b)(2).

Nor does Plaintiff's unlawful detainer proceeding raise any federal legal question.  *See* 28 U.S.C. §§ 1331, 1441.  Pursuant to the "well-pleaded complaint rule," federal-question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Here, Plaintiff's underlying complaint asserts a cause of action for unlawful detainer.  [*See* Dkt. No. 1 at 19-26.]  "Unlawful detainer is an exclusively state law claim that does not require the resolution of any substantial question of federal law." *Martingale Invs.*, 2013 WL 5676237, at *2.  In the Notice, Defendant references, in passing, several federal statutes and constitutional provisions. (Notice at 1, 9, 11.)  However, none of these federal laws appear on the face of Plaintiff's well-pleaded complaint, and may not serve as a basis for federal-question jurisdiction.  [*See* Dkt. No. 1 at 19-26]; *see also Caterpillar*, 482 U.S. at 392; *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (holding that federal-question jurisdiction "cannot be predicated on an actual or anticipated defense" nor on "an actual or anticipated counterclaim").

Finally, Defendant contends that removal is proper under 28 U.S.C. § 1443(1). (Notice at 14-16.)  As a rule, a successful petition for removal under 28 U.S.C. § 1443(1) must satisfy the two-part test articulated by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780 (1966), and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808 (1966). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006).  "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be

1  supported by reference to a state statute or a constitutional provision that purports to

2  command the state courts to ignore the federal rights." *Id.*

3        Assuming, without deciding, that Defendant satisfies the first prong of this test,

4  he fails to satisfy the second.  That is, Defendant fails to identify any "state statute

5  or . . . constitutional provision that purports to *command* the state courts to ignore

6  [Defendant's] federal rights."  *See id.* (emphasis added).

7        Thus, there is no basis for removal under 28 U.S.C. § 1443(1).

8        Accordingly, IT IS ORDERED that: (1) this matter be REMANDED to the

9  Superior Court of California, County of Orange, Harbor Justice Center, 4601 Jamboree

10  Road, Newport Beach, CA 92660, for lack of subject matter jurisdiction pursuant to

11  28 U.S.C. § 1447(c); (2) the Clerk send a certified copy of this Order to the state court;

12  and (3) the Clerk serve copies of this Order on the parties.

13

14

15  DATED:  11/30/15

                      HON. JOSEPHINE L. STATON

16                        UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

3